RHONDA K. WOOD, Associate Justice
Rodney Bunch petitions this court to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. Bunch alleges that the prosecutor withheld evidence in violation of Brady v. Maryland , 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) which would have established that his confession to the crimes for which he was convicted was coerced. Because Bunch fails to make sufficient allegations to warrant coram nobis relief, we deny his petition.
A Pulaski County jury convicted Bunch of four counts of aggravated robbery, three counts of theft of property, and one count of first degree sexual abuse stemming from the robbery of a salon. Bunch was convicted as a habitual offender and sentenced to life imprisonment. On direct appeal, Bunch challenged the trial court's denial of his motion to suppress his confession to the robberies contending it was coerced and involuntary. This court rejected his arguments and affirmed. Bunch v. State , 346 Ark. 33, 57 S.W.3d 124 (2001), overruled by Grillot v. State , 353 Ark. 294, 107 S.W.3d 136 (2003) (clarifying the standard of review used to analyze the trial court's ruling on the voluntariness of a confession).
Where a writ of error coram nobis is sought after the judgment has been affirmed on appeal, like in this case, the circuit court may entertain the petition only after this court grants permission. In coram nobis proceedings, this court gives a strong presumption that the judgment of conviction is valid. Roberts v. State , 2013 Ark. 56, 425 S.W.3d 771. A writ of error coram nobis is an extraordinarily rare remedy. Id. For the writ to issue following the affirmance on direct appeal, the petitioner must show a fundamental error of fact extrinsic to the record. Id. The writ functions to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition had it been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. Id. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. Id.
We allow a writ of error coram nobis only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. Id. The writ is available for addressing errors found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, *880 or (4) a third-party confession to the crime during the time between conviction and appeal. Id. ; Hillv. State , 2017 Ark. 121, 516 S.W.3d 249. We will reinvest jurisdiction in the circuit court to consider error coram nobis relief only when it appears the proposed attack on the judgment is meritorious. Roberts , 2013 Ark. 56, 425 S.W.3d 771. In making this determination, we look to the reasonableness of the petitioner's allegations and to the probability of truth. Id.
Bunch argues we should issue the writ to reinvest jurisdiction in the circuit court because the prosecution committed a Brady violation. He claims that the State suppressed parts of a recorded, and later transcribed, statement he had provided to investigators. Specifically, he claims that a portion of his transcribed statement was redacted and suppressed by the State, and therefore, it was not presented to the jury. However, as Bunch concedes in his petition, his direct-appeal record contains the CD of the recorded statement. Therefore, Bunch's arguments pertain to matters that are wholly contained within the record and were known to the defense at the time of trial. Because this evidence was not plainly withheld, his allegations do not warrant reinvesting jurisdiction in the circuit court to consider a coram nobis petition. See Roberts , 2013 Ark. 56, 425 S.W.3d 771.
Petition denied.